UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WISEMAN E. MCCLENDON, JR, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> Defendant. ) | Civil Action No. 3:10-cv-1215 <br> Judge Wiseman/Brown |

To: The Honorable Thomas J. Wiseman, Senior Judge

**REPORT AND RECOMMENDATION**

This is a civil action filed pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), as provided under Title II and Title XVI of the Social Security Act (the "Act"), as amended. Currently pending before the Magistrate Judge is Plaintiff's Motion for Judgment on the Administrative Record, Defendant's Response. (Docket Entries 11, 12, 13, 14). The Magistrate Judge has also reviewed the administrative record. (hereinafter "Tr."). (Docket Entry 9). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** the Plaintiff's Motion be **DENIED** and that the decision of the Commissioner be **AFFIRMED**.

**I. BACKGROUND**

**A. Procedural History**

Plaintiff filed protective applications for DIB and SSI on December 20, 2006, alleging disability beginning April 30, 2002. (Tr. 24, 68, 119-22, 123-25). Plaintiff subsequently amended his alleged disability onset date to July 1, 2005. (Tr. 37). His claims were denied initially and upon

1

reconsideration. (Tr. 72-75, 84-87). Upon Plaintiff's request, a hearing was conducted on June 22, 2009 before Administrative Law Judge ("ALJ") Barbara Kimmelman. The ALJ issued her decision denying Plaintiff's claims on August 27, 2009. (Tr. 24-31). Plaintiff filed a request for the Appeals Council to review the ALJ's decision on September 25, 2009. (Tr. 19). Subsequently Plaintiff was found to be under a disability beginning November 18, 2009 based on his second disability application. (Tr. 14). On October 18, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision dated August 27, 2009. (Tr. 13-16). Plaintiff's request to reopen and change the ALJ's decision was denied on January 21, 2011, rendering the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action on December 22, 2010, seeking review of that decision pursuant to 42 U.S.C. § 405(g).

**B. Plaintiff's Age, Education, and Work Experience**

Plaintiff was born in 1959, making him 49 years old as of the date of the ALJ's opinion. (Tr. 21, 28). He has a high school education. (Tr. 29). He worked for 26 years as a construction worker and a car lot porter. (Tr. 60). He has not performed substantial gainful activity since the alleged onset date of October 31, 2006. (Tr. 26).

**C. Plaintiff's Medical Records**

Plaintiff was admitted to the emergency department, in Sumner Regional Medical Center on December 21, 2006, with a 24-hour history of severe, diffuse abdominal pain. (Tr. 180). In the emergency room, he underwent a CT scan and was fond to have evidence of a ruptured appendicitis. *Id*. After he was ambulating, tolerating a regular diet with bowel movements, without fever, he was able to be discharged home on December 29, 2006. *Id*.

Plaintiff saw Dr. Albert Gomez on February 12, 2007, for a consultative examination regarding Plaintiff's complaint of neck and low back pain for the previous eight years following a

2

motor vehicle accident. (Tr. 191). Dr. Gomez diagnosed Plaintiff with chronic neck and low back pain. (Tr. 192).

Dr. James Millis, a Disability Determination Services physician, completed a Physical Residual Functional Capacity Assessment ("RFC") for Plaintiff on February 23, 2007. (Tr. 193-200). Dr. Millis found that Plaintiff was capable of lifting 50 pounds occasionally and 25 pounds frequently; standing and/or walking about 6 hours in an 8-hour workday; sitting about 6 hours in an 8-hour workday; and pushing and/or pulling to an unlimited degree. (Tr. 194). Dr. Millis also noted that Plaintiff was limited to frequent overhead reaching due to his neck impairment. (Tr. 196).

On March 16, 2009, Plaintiff went to the emergency room and was admitted with pneumonia and chronic obstructive pulmonary disease exacerbation. (Tr. 211). Plaintiff was discharged on March 22, 2009. *Id*. On June 15, 2009, Plaintiff was given an x-ray for his cervical spine, which showed ankylosis of the facet joints from C2-C7, without fracture, subluxation, prevertebral soft tissue swelling, or significant degenerative disc disease (Tr. 228). Plaintiff's lumbosacral x-rays showed minor multi-level lumbar spondylosis, without fractures or subluxation. (Tr. 229). An x-ray of Plaintiff's thoracic spine showed minimal findings. (Tr. 230). Plaintiff alleges that he was afflicted with chronic obstructive pulmonary disease with moderate emphysema and moderate biapical pleural parenchymal scarring. (Tr. 205, 214-15, 221-22).

**D. The Vocational Expert Testimony**

At his administrative hearing, Plaintiff testified that he could lift and carry about 10 pounds and he could stand 10-15 minutes at a time. (Tr. 44). Plaintiff alleged that he is five foot eleven inches and weighs 102 pounds. (Tr. 206, 209). Regarding his daily activities, Plaintiff indicated that he would occasionally sweep the floor or wash the dishes, read, and watch television. (Tr. 145).

Plaintiff had past relevant work as a construction worker and a car lot porter.(Tr. 56-60). Ms.

3

Rebecca Williams, the Vocational Expert ("VE"), present at the hearing, testified that a hypothetical individual with the Plaintiff's RFC, age, and experience could not perform the Plaintiffs past relevant work. *Id*.

The ALJ asked Ms. Williams to consider the availability of sedentary work for an individual with Plaintiff's age, education, and past work experience who would need to change positions every 30 minutes; could only occasionally reach overhead; could not work around heights, moving machinery, or do any driving because of an inability to move his head and neck more than 10 degrees; would be limited to occasional postural work; and would need to avoid pulmonary irritants. (Tr. 63-64). Ms. Williams stated that such an individual would be capable of performing the following sedentary jobs: buckle wire inserter, which offered approximately 4,000 jobs in Tennessee and 150,000 nationally; film touch-up inspector, 700 jobs in Tennessee and 40,000 nationally; and cuff folder, 1,300 in Tennessee and 70,000 nationally. (Tr. 63-64).

### E. **The ALJ's Findings of Facts and Conclusion**

In her written decision, dated on August 27, 2009, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant has not engaged in substantial gainful activity since July 1, 2005, the amended alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: chronic obstructive pulmonary disease; degenerative disc disease of the thoracic and lumbar spines, with mild kyphosis, minimal scoliosis, and minimal multilevel spondylosis of the thoracic spine, along with minor multilevel lumbar spondylosis; and ankylosis of the cervical spine at C2-C7 without evidence of inter body fusion (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P,

       Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can stand or walk for only two hours of an eight hour workday. He must have the option to change positions every thirty minutes. He can occasionally reach overhead and perform postural activities. Driving, as well as exposure to moving machines and heights, are precluded by the claimant's inabilility to move his neck and head greater than 10 degrees. He cannot have exposure to irritating inhalants.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on December 4, 1959 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 26-31).

## II. APPLICABLE LEGAL STANDARDS

**A**. **Standard of Review**

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exits in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching

5

that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner*, 105 F.3d 244, 245 (6th Cir. 1996). Even if the evidence could also support a difference conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). However, if the record was not considered as a whole, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985).

**B**. **Proceedings at the Administrative Level**

The Claimant has the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent; if a

---

[1] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, Appendix 1.

>    listing is met or equaled, benefits are owing without further inquiry.
>
> 4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (*e.g.*, what the claimant can still do despite his or her limitations); by showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> 5. Once the claimant establishes a *prima facie* case of disability, it becomes the Commissioner's burden to establish the claimant's ability to work by providing the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

*Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

In determining residual functional capacity (RFC) for purposes of the analysis required at steps four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and non-severe. *See* 42 U.S.C. § 423(d)(2)(B).

## III. LEGAL ANALYSIS

Plaintiff alleges one error in the ALJ's decision: the ALJ committed legal error in finding that Plaintiff could perform other work because the ALJ included work preclusive functional limitations in his RFC finding. (Docket Entry 12, Plaintiff's Brief in Support of Motion for Judgment Based upon the Administrative Record, p 4 of 8). Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id*. at p 7 of 8.

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

7

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

Plaintiff argues that there are conflicts between the ALJ denying Plaintiff's first application for disability and Social Security Administration ("SSA") granting his second application for disability. (Docket Entry 12, Plaintiff's Brief in Support of Motion for Judgment Based upon the Administrative Record, p 5 of 8). Plaintiff alleges that in the ALJ's decision denying his first application for disability, the ALJ found that Plaintiff "cannot have exposure to irritating inhalants," which is a work preclusive limitation when considered in combination with his other acknowledged functional limitations and vocational factors; however the ALJ concluded that there were significant numbers of jobs in the national economy that Plaintiff could perform, which caused the ALJ to deny Plaintiff's claim. *Id*. Upon reviewing Plaintiff's second application of disability, an agent in the SSA noted that there was "no significant change in [Plaintiff's] exam findings or in his functional status," and "the RFC given by the ALJ in the decision dated 8/27/09 is adopted." (Tr. 9, 10). Plaintiff argues that the SSA's above note indicates that the SSA granted Plaintiff's second application of disability based on the RFC that the ALJ found to exist in denying Plaintiff's first application. (Docket Entry 12, Plaintiff's Brief in Support of Motion for Judgment Based upon the Administrative Record, p 5 of 8). Consequently, based on the ALJ's RFC finding, the SSA concluded that Plaintiff was disabled in his

8

second application, but concluded that Plaintiff was not disabled in his first application. (Document Entry 14, Plaintiff's Reply Brief, p2 of 4). Plaintiff argues that one of those conclusions cannot be true. *Id*. Plaintiff alleges that the agent in SSA, in granting Plaintiff's second application, also noted:

> The RFC in the ALJ decision is an erosion of the sedentary unskilled occupational base since Claimant is restricted to all exposure to fumes/odors etc. Claimant could not perform PRW or be able to perform other work. Claim being processed as error on the face of the evidence.

(Tr. 10). Plaintiff argues that the above comments show that the SSA itself admitted that there was an "error on the face of the evidence" in regard to the ALJ's finding that Plaintiff could perform other work. (Docket Entry 14, Plaintiff's Reply Brief, p1 or 4). Therefore, the ALJ's decision is not supported by substantial evidence. Accordingly, Plaintiff requests that this case be remanded for an award of benefits, or alternatively, requests a remand under the "fourth sentence of 42 U.S.C. § 405(g) due to the 'error on the face of the evidence' in regard to the ALJ's finding that Plaintiff could perform other work." (Document Entry 14, Plaintiff's Reply Brief, p3 of 4).

In this instant case, the ALJ decided Plaintiff's claim at step five of the five-step process. (Tr. 30). At the fifth step, the Commissioner bears the burden of establishing that given Claimant's age, education, work experience, impairments and limitations, there exists work in the national economy that Claimant can perform. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir.1990). The Medical-Vocational Guidelines, commonly referred to as the "grids," provide one method by which the Commissioner can meet his burden. *Id.* at 1181. When evaluating the functional requirements of potential jobs that exist in the national economy, an ALJ may rely on publications such as the Dictionary of Occupational Titles ("DOT") or obtain the testimony of a VE. 20 C.F.R. §§ 404.1566(d), (e), 416.966(d), (e). The Sixth Circuit Court of Appeals has held that an ALJ may rely on the testimony of a VE, even when the VE's testimony does not strictly comply with the DOT. *Conn v.*

9

*Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995). Further, "[An] ALJ and [VE] are not bound by the [DOT] in making disability determinations because the Social Security Regulations do not obligate them to rely on the [DOT's] classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003).

In exercising its "sentence four" jurisdiction, the court is limited to determining whether the ALJ employed the proper legal standards in reaching his decision or whether the ALJ's controlling findings are supported by substantial evidence. *See Newkirk*, 25 F.3d at 318. As to Plaintiff's claim that there is an "error on the face of the evidence" to support the ALJ's finding that Plaintiff could perform other work, the issues are whether the ALJ employed the proper legal standards in reaching his decision and whether the ALJ could sustain his step five burden of demonstrating that there were a substantial number of jobs that Plaintiff was capable of performing. The Magistrate Judge believes that the ALJ properly applied the legal standards to reach the decision and the ALJ's decision is supported by substantial evidence.

Social Security Ruling (SSR) 96-9p states that when an individual is unable to perform substantially all the sedentary occupations listed, the individual will be unable to perform the full range of sedentary work and his occupational base will be eroded by the additional limitations. 1996 WL 374185, at *4. The ruling provides that:

> However, a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

*Id*. at *1. That is exactly what occurred in this case. The ALJ found that Plaintiff was 45 years old on the alleged disability onset date with a high school education, and Plaintiff was unable to perform any

past relevant work. (Tr. 21, 28, 29). As Plaintiff could not perform the full range of sedentary work, the ALJ obtained the testimony of a vocational expert. In response to a hypothetical question regarding a person of Plaintiff's age, and with his RFC, education, and work experience, the VE testified that:

> Given all of these factors the individual would be able to perform the requirements of representative occupations such as buckle wire inserter (D.O.T. #734.687-034, 4000 jobs in Tennessee, 150000 nationwide), film touch up inspector (D.O.T. #726.684-050, 700 jobs in Tennessee, 40000 nationwide) and cuff folder (D.O.T. # 685.687-014, 1300 in Tennessee, 70000 nationwide).

(Tr. 30). For a person age 45-49 with a limited education, no transferable skills and restricted to sedentary work, the Medical Vocational Guidelines direct a finding of **not disabled**. 20 C.F.R. § 404, subpt. P, app. 2, Rule 201.18. (emphasis added). Further, jobs identified by the VE would constitute substantial evidence supporting the ALJ's decision. *See Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *Martin v. Commissioner*, 170 F. App'x 369, 375 (6th Cir. 2006) (870 jobs is a significant number); *see also Nejat v. Commissioner*, 359 F. App'x 574, 579 (6th Cir. 2009) (collecting cases holding that as few as 500 jobs constituted a significant number). Therefore, the ALJ properly applied the legal standards to evaluate Plaintiff's application, and the VE's testimony provides substantial evidence supporting the ALJ's finding that Plaintiff was not entitled to DIB and SSI benefits.

As to Plaintiff's alleged conflicts between the ALJ's denial of Plaintiff's first application for disability and the SSA's granting of his second application for disability based on the same RFC finding, SSA explains that

> You contended in your facsimile that the new decision was being processed as an error on the face of the evidence. This referred to a comment made in the record for the subsequent application by a non-medical disability examiner, but the basis for this comment is not established. We acknowledge that the claimant was found disabled on the subsequent application based on the same residual functional capacity found by the Administrative Law Judge, and very shortly before his 50th

> birthday. We find that the claimant had no additional adversities to warrant a change in the Administrative Law Judge's decision. We also find no reason to reopen the determination on the subsequent application. (At age 50, the claimant would be considered disabled under medical-vocational rule 201.14, based on a change of age category.) After a careful consideration of the record in this case, including the evidence in the file for the subsequent application, we conclude that the Administrative Law Judge's decision is supported by substantial evidence**.**

(Tr. 2). Plaintiff was found to be under a disability beginning November 18, 2009, based on his second disability application when he was 50 years old. (Tr. 14). The Medical-Vocational Guidelines direct a finding of disabled for a person closely approaching advanced age with a high school diploma, who is capable of only sedentary work. 20 C.F.R. § 404, subpt. P, app. 2, Rule 201. 12. Accordingly, Plaintiff's approaching advanced age as of his 50th birthday would render him disabled, even based on the same RFC that the ALJ found to exist in denying Plaintiff's first application when he was within 45-49 years old. The Magistrate Judge finds no error in this regard[2].

## IV. RECOMMENDATION

In light of the foregoing, the Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Judgment on the Administrative Record be **DENIED,** and that the decision of the Commissioner be **AFFIRMED.**

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objection to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

---

[2] Fro some reason, neither party argues the difference age matter even when based on the same RFC.

ENTERED this 25th day of July, 2011.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge